IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | CR 03-361 PCT PGR |
| | ) | CIV 06-163 PCT PGR (VAM) |
| v. | ) | |
| | ) | |
| Jayson Dewayne Nez, II, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendant/Movant. | ) | |

TO THE HONORABLE PAUL G. ROSENBLATT, UNITED STATES DISTRICT JUDGE.

Jayson Nez, II ("movant"), currently confined at the United States Penitentiary, Pollock, LA, filed a <u>pro se</u> Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255. (Doc. 103). The United States filed a Response opposing the granting of the Motion. (Doc. 110).

## BACKGROUND

Movant Nez was arrested on March 14, 2003. An Indictment was returned on April 8, 2003. (Doc. 8). The Indictment was superseded on September 23, 2003. (Doc. 36). Movant's counsel filed two pretrial motions. A Motion to Suppress Statements and a Motion to Sever were filed on July 1, 2003. (Docs. 17, 18). A hearing was held on the Motions on September 2, 2003 and both Motions were denied. (Doc. 34). Following trial, movant Nez was found guilty on all six counts set forth in the Superseding Indictment. (Docs. 52-61). On January 6, 2004, movant was

sentenced to life on Counts I-IV (first degree murder-2 counts; felony murder-2 counts), 180 months on Count V (robbery) and 120 months on Count VI (use of a firearm during the commission of a crime of violence-aiding and abetting).  Count VI is to be served consecutively to Counts I-V.  (Docs. 75 and 90 at p. 19).  Movant was ordered to pay restitution of $7,890.40 and $600.00 in special assessments.  He was also to be placed on a term of supervised release of five years if ever released from prison.  (<u>Id.</u> at 20-21).  Movant appealed his convictions and sentences and they were affirmed by the Ninth Circuit.  (Doc. 102).  The mandate was issued by the Ninth Circuit on October 14, 2004.  (Doc. 102).  The Motion to Vacate pursuant to 28 U.S.C. § 2255 was filed on January 11, 2006.  (Doc. 103).

    The Motion to Vacate is timely by one day.  Movant had ninety days after the entry of judgment to file a Petition for Writ of Certiorari.  Rule 13, S.Ct. Rules.  Even if no Petition is filed, the one-year statute of limitations in 28 U.S.C. § 2255 begins to run ninety days from entry of judgment.  <u>Clay v. United States</u>, 537 U.S. 522, 532 (2003).  The mandate was entered in the Ninth Circuit on October 14, 2004.  Ninety days from that date is January 12, 2005.  Movant filed this Motion to Vacate on January 11, 2006.  (Doc. 103).  Therefore, the Motion is timely.

<u>MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255</u>

    The Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 raises the following issues:

    1.  Ineffective assistance of counsel.  Movant states that all three lawyers never visited him, met with him or spoke with

2

him outside of the courtroom.

    2.   Law enforcement used "trickery" in obtaining a confession in violation of <u>Miranda</u> and movant's Fifth Amendment rights.

    3.   Ineffective assistance of counsel. Movant states that all three lawyers failed to investigate his case and his background.

    4.   Movant states that he is ". . .actually and factually innocent of the conviction on 18 U.S.C. § 924(c). . .based on insufficient evidence." He alleges the Government failed to prove the elements of the crime beyond a reasonable doubt.

    5.   Ineffective assistance of counsel. Movant states that all three of his lawyers failed to cite controlling law on the meaning of being "in custody" during the interrogation.

    6.   Ineffective assistance of counsel. Movant states that defense counsel Glazer and Williams provided ineffective assistance ". . .for their complete failure in filing insufficient <u>Anders</u> brief. . .because the 2255 supporting brief demonstrates several meritorious issues for appeal." (Doc. 103).

    By way of factual background, movant was convicted of murdering Jean and Steve Toms on the Navajo Indian Reservation. The murders occurred during a robbery where one of the decedents was beaten to death with rocks and the other was shot in the face with a shotgun. The bodies were then removed to a wash and buried in a shallow grave. The bodies of the decedents were not found for several weeks. During the investigation, agents learned that the vehicle of decedent Steve Toms was missing and defendant Nez and his co-defendant (Willie Lee Lewis) were developed as suspects

because of their use of the vehicle.

On March 13, 2003, agents interviewed movant (an adult) at his residence while his father was present. (Doc. 33 at 12-14). This questioning led to a confession that was used at trial. The confession was the subject of defense counsel's Motion to Suppress filed in District Court. The Motion to Suppress was denied and the confession was used at trial. In addition to the confession, movant Nez led the agents to the location where the bodies had been buried and described the crime in some detail. Movant Nez indicated his co-defendant (Lewis) shot Steve Toms in the face with a shotgun. This was the basis for the 18 U.S.C. § 924(c) charge and conviction.

Following his conviction, Nez' appellate counsel filed an appeal in the Ninth Circuit Court of Appeals challenging the use of the confession. The Memorandum Opinion from the Ninth Circuit states:

> . . .Nez argues that his statements made to police at his parents' house should have been suppressed, because he was "in custody" once he admitted to police that he was involved in the murder, but was not advised of his Miranda rights. We have jurisdiction. . .review the district court's denial of his motion to suppress de novo. . .and affirm.

(Doc. 102 at p. 2).

<u>ISSUE 2 (ATTACK ON THE CONFESSION)
AND ISSUE 4 (ATTACK ON THE 924(c) CONVICTION)</u>

Movant's counsel moved to suppress the confession before trial. The trial judge denied the Motion to Suppress. Movant then appealed that denial and argued once again that the confession should not have been used at trial because he was "in

4

custody." The Ninth Circuit disagreed and affirmed his conviction. Movant may not re-litigate this issue in a Motion to Vacate, Set Aside or Correct Sentence. United States v. Redd, 759 F.2d 699, 701 (9th Cir. 1985).

In Issue 4, movant Nez claims he is innocent of the conviction on 18 U.S.C. § 924(c) because there was insufficient evidence to prove each element of the crime beyond a reasonable doubt. More specifically, he argues the Government failed to prove he personally possessed or used a firearm. It should be noted that the charge contained aiding and abetting as a theory of liability and therefore the Government did not have to prove that Nez personally possessed and used a firearm. However, this claim may not be raised in a Motion to Vacate, Set Aside or Correct Sentence because insufficiency of the evidence must be raised in a direct appeal. This issue is procedurally defaulted. United States v. Frady, 456 U.S. 152, 168 (1982). "If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error." United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). Movant Nez has made no showing of cause for the default. Since Nez has not shown cause for the default, the Court need not address the issue of prejudice.

ISSUES 1, 3, 5 AND 6 ALLEGING INEFFECTIVE ASSISTANCE OF COUNSEL

    A.  STANDARD TO BE APPLIED REGARDING INEFFECTIVE ASSISTANCE OF COUNSEL

Claims of ineffective assistance of counsel are analyzed

pursuant to Strickland v. Washington, 466 U.S. 668 (1984).  In order to prevail on such a claim, the movant must show:

> 1. Counsel's representation fell below the objective standard of reasonableness and
>
> 2. There is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.

Strickland, 466 U.S. at 687-88, 694; see also United States v. Thornton, 23 F.3d 1532, 1533 (9th Cir. 1994)(per curiam); United States v. Solomon, 795 F.2d 747, 749 (9th Cir. 1986).

This two-pronged test--deficient performance and prejudice--poses a mixed question of law and fact.  Strickland, 466 U.S. at 698; Thompson v. Calderon, 86 F.3d 1509, 1515 (9th Cir. 1996).  A court deciding an ineffective assistance claim must consider the totality of the evidence with an eye toward the ultimate issue of whether counsel's conduct so undermined the functioning of the adversarial process that the proceeding lacked fundamental fairness.  Strickland, 466 U.S. at 686; Card v. Dugger, 911 F.2d 1494 (11th Cir. 1990)(observing that counsel cannot be labeled ineffective for failing to raise issues which have no merit).  Reasonableness is judged from counsel's perspective at the time of the alleged error in light of all the circumstances.  Kimmelman v. Morrison, 477 U.S. 365, 381 (1986); Strickland, 466 U.S. at 689.

Deficient performance is one in which counsel's errors were so great he or she was not functioning as the counsel guaranteed by the Sixth Amendment.  Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir. 1986).  To prove such ineffectiveness, movant must demonstrate that counsel's errors were "outside the wide range of

6

1  professionally competent assistance, and that the deficient
2  performance prejudiced the defense."  <u>United States v. Houtchens</u>,
3  926 F.2d 824, 828 (9th Cir. 1991)(quoting <u>Strickland</u>, 466 U.S. at
4  687-90).  There is a strong presumption counsel's conduct might be
5  considered sound trial strategy.  <u>United States v. Quinterro-
6  Barraza</u>, 78 F.3d 1344, 1348 (9th Cir. 1995), <u>cert. denied</u>, 519
7  U.S. 848 (1996); <u>United States v. Molina</u>, 934 F.2d 1440, 1447 (9th
8  Cir. 1991).

9  When assessing prejudice within the context of an allegation
10 that ineffective assistance of counsel rendered the guilty plea
11 invalid, the second prong of the <u>Strickland</u> test is modified.  In
12 addition to showing counsel's performance fell below the objective
13 standard of reasonableness, to establish prejudice, movant must
14 show "that there is a reasonable probability that but for
15 counsel's errors [he] would not have pleaded guilty and would have
16 insisted on going to trial."  <u>Hill v. Lockhart</u>, 474 U.S. 52, 58
17 (1985); <u>see also</u> <u>United States v. Baramdyka</u>, 95 F.3d 840, 844 (9th
18 Cir. 1996), <u>cert. denied</u>, 520 U.S. 1132 (1997).

19 In short, the court's scrutiny is highly deferential and
20 every effort should be made to eliminate the distorting effects of
21 hindsight.  <u>Kimmelman</u>, 477 U.S. at 381; <u>United States v. Natanel</u>,
22 938 F.2d 302, 309-10 (1st Cir. 1991)("The performance standard is
23 to be applied not in hindsight, but based on what the lawyer knew,
24 or should have known, at the time his tactical choices were made
25 and implemented."), <u>cert. denied</u>, 502 U.S. 1079 (1992); <u>Diaz v.
26 United States</u>, 930 F.2d 832, 835 (11th Cir. 1991).  Moreover,

7

cursory allegations that are purely speculative cannot support a claim of ineffective assistance of counsel. <u>Shah v. United States</u>, 878 F.2d 1156, 1161 (9th Cir.), <u>cert. denied</u>, 493 U.S. 869 (1989).

    B.   <u>ISSUE ONE</u>

As to Issue One, movant states that all three of his lawyers never visited or met with him other than in Court. (Doc. 103 at p. 5). In the Memorandum of Points and Authorities attached to the Motion, he specifically points to counsel Williams and Arentz. As background, movant was represented briefly (during his detention hearing and preliminary hearing in Flagstaff) by Stephen Robert Glazer. (Doc. 2). Once movant Nez was transferred to Phoenix for the remainder of his case, Gerald Williams was appointed to represent him for trial purposes. (Doc. 7). On appeal, movant Nez was represented by Robert Frederick Arentz (retained counsel). (Doc. 91).

It is possibly true that the attorney who represented him briefly on the detention and preliminary hearings may not have met with him outside of Court. However, it is clear that his trial counsel did meet with him other than in the courtroom. For example, it appears that Mr. Williams met with him outside of Court and reviewed the pre-sentence investigation report. (Doc. 90 at p. 2). This is likely only one of several meetings outside of Court. But, it is also common for defense counsel to meet with their clients at the courthouse before, during and after hearings. There is nothing inherently wrong with such a practice. In

addition, the record shows his retained appellate counsel corresponded with him.  (Doc. 103 at Exhibit I; Doc. 91).

In demonstrating ineffective assistance of counsel, movant must demonstrate not only that counsel's representation fell below the objective standard of reasonableness but also that there was prejudice, i.e. a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Strickland</u>, 466 U.S. at 687-88, 694.  Movant simply argues his lawyers did not meet with him.  He does not demonstrate prejudice as a result of this.  A review of the transcript of the trial shows his trial counsel was well prepared and thoroughly cross-examined witnesses.  It also shows that counsel's closing argument was well prepared, logical and he had a firm grasp of the facts of the case and a strategy to attempt to defeat the Government's evidence.

Movant simply states his lawyers did not explain the charges to him and what was required for a conviction, i.e. the elements of the offense.  (Doc. 103 at Memorandum of Points and Authorities p. 28).  Movant Nez was arraigned on the initial Indictment on April 16, 2003 and on the Superseding Indictment on September 24, 2003.  (Docs. 10, 45).  At the arraignment, a defendant is given a copy of the charges, their lawyer goes through them and, unless they waive a reading, the Court reads the Indictment to the defendant.  The charges in this case were not complicated; they were simply murder, murder in the course of a robbery, robbery and using a firearm during a murder and robbery. These are not

1  complicated crimes.  Finally, movant Nez argues that if his lawyer
2  had visited him he ". . .would have discovered critical
3  information regarding in custody."  (Doc. 103 at Memorandum of
4  Points and Authorities p. 36).  This is not a showing of
5  prejudice.  Movant has not established either prong of the test
6  for ineffective assistance of counsel.

   C.   ISSUE THREE

8   Next, movant argues that all three of his lawyers failed to
9  investigate his case and his background.  (Doc. 103 at p. 5).  In
10 support of this claim, movant states counsel failed to conduct any
11 meaningful pre-trial investigations of Nez' case evidence and
12 witnesses "which prejudiced Nez."  (Id.).  Later, in his
13 Memorandum of Points and Authorities, movant states: "Mr. Williams
14 also never conducted any pre-trial investigations regarding Nez'
15 case."  (Id. at p. 34).  "Had either one of Nez' counsels
16 investigated him and his case they would have discovered that
17 controlling precedence favorable to Nez existed and that no
18 evidence existed."  (Id. at p. 35).  "Glazer; Williams; and Arentz
19 were ineffective for failing to investigate the crime scene."
20 (Id. at p. 35).  "Had Glazer; Williams; or Arentz investigated the
21 crime scene they would have discovered that no evidence linked Nez
22 to the crimes as charged.  Therefore, prejudice is presumed."
23 (Id. at p. 36).

24  In short, movant makes the allegation but backs it up with no
25 discussion as to what "investigation" should have been conducted
26 and how it would have helped him.  In fact, the evidence of his

10

1 guilt was overwhelming once the confession was admitted.  As set
2 forth above, counsel at trial clearly had a grasp of the facts, a
3 strategy for making the best of the facts and followed through on
4 that strategy during trial both in cross-examination and argument.
5 This is clear in the record of the trial transcript.  There is no
6 indication that investigating the crime scene would have helped in
7 any way as Nez took investigators to the scene, explained how he
8 committed the crimes and then took them to the grave site.  Movant
9 has failed to show deficient performance or prejudice.

      D.   <u>ISSUE FIVE</u>

In Issue Five, movant states:

> All three counsel failed to cite controlling precedent
> in support of Nez being "in custody" during March 13,
> 2003, when he was being interrogated by three law
> enforcement officers.  This failure had deprived Nez of
> his Sixth Amendment of the United States Constitution.

(Doc. 103 at Ground Five).  Later Nez states in his Memorandum of Points and Authorities:

> . . .counsel. . .failed to perfect an effective appeal
> brief; failed to preserve meritorious issues for appeal;
> failed to file a rehearing pursuant to en banc; failed
> to file a writ of certiorari in the United States
> Supreme Court based upon intervening circumstances in
> light of <u>Missouri v. Seivert</u>. . .

(Doc. 106 at Memorandum of Points and Authorities p. 28).  Finally, later in his Memorandum of Points and Authorities, Nez argues that <u>Delgado v. Lewis</u>, 223 F.3d 976, 980-2 (9th Cir. 2000), supports his position and Nez states:

> Had Glazer; Williams; or Arentz consulted with Nez they
> would have discovered critical information regarding in
> custody.  See, page 16, infra, reflecting.

(Doc. 103 at p. 36).

11

On page 16 of the Memorandum of Points and Authorities, movant states an agent accompanied him in his home and while Nez was explaining how the murders allegedly occurred, a relative arrived and a FBI agent "yelled for Nez to stay on the porch." Movant states these facts show he was in custody. These statements are not supported by an affidavit or declaration. They are not found in the testimony from the Motion to Suppress. (Doc. 33). In addition, the testimony at the Motion to Suppress established the interview while at Nez' house took place in the living room. Then the agents and Nez left in a vehicle and went to the crime scene where Nez walked them through the crimes. (Doc. 33 at pp. 14-25).

In the Memorandum of Points and Authorities (Doc. 103 at pp. 15-16), Nez states that U.S. v. Sharf, 608 F.2d 323, 325 (9th Cir. 1979); U.S. v. Griffin, 922 F.2d 1343, 1350 (8th Cir. 1990); U.S. v. Beraun-Panez, 812 F.2d 578, 581 (9th Cir. 1987); U.S. v. Longbehn, 850 F.2d 450, 452 (8th Cir. 1988), established that he was in custody and these cases should have been cited by his lawyers. In a Motion to Amend, movant Nez argued that the case of U.S. v. Williams, 435 F.3d 1148 (9th Cir. 2006) demonstrates the confession should not have been admitted. Of course, Williams was decided long after the trial and appeal and could not have been cited by his counsel. Cases from the Eighth Circuit cited by petitioner are not binding in this Circuit.

The Court has read Nez' cases and they do not announce new principles. They do not change the law. They do not support a

12

different result. The law that was cited was appropriate and failure to cite these cases is not ineffective assistance of counsel. Finally, appellate counsel looked into a petition for rehearing and a petition for certiorari and determined they would not be successful. (Doc. 103 at Exhibit I).

E. GROUND SIX

In his Motion at Ground Six, Nez states:

> Counsel Glazer and Williams provided ineffective assistance for their complete failure in filing insuficient Anders brief, which violated Nez' Sixth Amendment rights, because the 2255 supporting brief demonstrates several meritorious issues for appeal.

(Doc. 103 at Ground Six). Defense counsel Glazer only represented Nez at his initial hearings. Defense counsel Williams only represented Nez at trial. Following trial, Nez asked that his retained counsel be substituted in and that counsel Williams be relieved of his responsibilities. (Docs. 91, 92). The appellate brief that was filed is not an Anders brief. (Docs. 114-117). In short, this allegation is factually and legally without support.

**IT IS THEREFORE RECOMMENDED** that the Motion to Vacate, Set Aside or Correct Sentence filed by movant Nez be denied. (Doc. 103).

This recommendation is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal filed pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's order and judgment. The parties shall have ten (10) days from the date of service of this recommendation within which to file specific

13

1  written objections with the Court.  Thereafter, the parties shall
2  have ten (10) days within which to file a response to the
3  objections.  Failure to timely file objections to any factual
4  determinations of the Magistrate Judge will be considered a waiver
5  of a party's right to de novo consideration of the factual issues
6  and will constitute a waiver of a party's right to appellate
7  review of the findings of fact in an order or judgment entered
8  pursuant to the Magistrate Judge's recommendation.

   DATED this 16th day of October, 2006.

   _____
   Virginia A. Mathis
   United States Magistrate Judge