**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff/Respondent,<br><br>vs.<br><br>Jayson Dewayne Nez, II,<br><br>　　　　Defendant/Movant. | No. CR-03-0361-PCT-PGR<br>No. CV-06-0163-PCT-PGR (VAM)<br><br>ORDER |

Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Mathis in light of defendant Nez' objections thereto, as set forth in Pro Se Petitioner's [Amended] Brief and Objections Pursuant to 28 U.S.C. §§ 636(c)(4) and 73(d) (doc. #125), the Court finds that the Report and Recommendation's analysis is correct and that defendant Nez' objections should be overruled as being without merit.

First, the Court rejects defendant Nez' various claims of ineffective assistance of counsel as set forth in Grounds One, Three, Five, and Six because the record does not establish either that his counsels' representation fell below the objective level of reasonableness at any material stage of the proceedings or

- 1 -

1 that he was prejudiced in any legal sense by their level of representation.

2 Second, the Court rejects Nez' <u>Miranda</u>-related claim in Ground Two because the Ninth Circuit specifically rejected this claim in his direct appeal, holding that he was not being subjected to a custodial interrogation at the time he made his inculpatory statements to law enforcement officers. It is well established that a § 2255 motion cannot be used to relitigate questions that were raised and considered on direct appeal.

Third, the Court rejects Nez' claim in Ground Four that the evidence at trial was insufficient to prove the charge brought against him pursuant to 18 U.S.C. § 924(c) because (a) the claim is procedurally defaulted given that it was not raised during his direct appeal and he has not shown any cause for the default, and (b) the claim is substantively without merit because the Government did not have to establish that he personally possessed and used a firearm given that the charge contained aiding and abetting as a theory of liability.

Fourth, the Court rejects Nez' contention that this matter should be remanded to the Magistrate Judge inasmuch as she failed to discuss in the Report and Recommendation his argument that the victim restitution portion of his judgment must be modified because he was ordered to pay certain expenses twice. While Nez is correct that the Report and Recommendation did not discuss his argument, which was raised only in his § 2255 memorandum and not as a separate ground for relief in his § 2255 motion, the Court concludes that there is no need for a remand because Nez' underlying argument is without merit. Nez has waived his right to challenge the restitution component of his sentence through his § 2255 motion because he failed to contest the restitution order either

at his sentencing or on direct appeal.[1]  <u>United States v. Hatten</u>, 167 F.3d 884, (5th Cir. 1999) ("[W]e make plain today that complaints concerning restitution may not be addressed in § 2255 proceedings."); <u>United States v. Balter</u>, 164 Fed.Appx. 211, 212 (3rd Cir. 2005) ("[A] defendant who fails to raise a challenge to restitution at sentencing or on direct appeal is barred from challenging the validity of the restitution order in collateral proceedings."); <u>Lara v. Smith</u>, 132 Fed.Appx. 420, 421 (3rd Cir. 2005) (Court concluded that a federal prisoner may not raise a claim that the sentencing court imposed an illegal restitution order through either a § 2255 motion or through a habeas corpus petition brought pursuant to 28 U.S.C. § 2241.)   Even if this issue is now cognizable through the § 2255 motion notwithstanding the procedural default, Nez would at least have to make a showing analogous to a showing of cause and prejudice and he has not done that. *See* <u>Dohrmann v. United States</u>, 442 F.3d 1279, 1280-81(11th Cir. 2006) (Court stated that "we have held that a petitioner who failed to contest a restitution order either at sentencing or on direct appeal cannot for the first time challenge the district court's initial restitution calculation in a collateral proceeding, absent exceptional circumstances.  As to the exceptional circumstances, we noted that such circumstances are analogous to a showing of cause and prejudice to overcome a procedural default for raising a claim for the first time in a habeas corpus petition.") (Internal citation omitted).  Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation

/ / /

---

[1] Nez not only did not file any objection to the restitution recommendation in the Presentence Report, he in fact stated, through counsel, at the time of sentencing that he accepted the restitution figures.

1 (doc. #121) is accepted and adopted by the Court.

2     IT IS FURTHER ORDERED that defendant Nez' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. #103) is denied and that the Clerk of the Court shall enter judgment accordingly.

    DATED this 15th day of February, 2007.

Paul G. Rosenblatt
United States District Judge

- 4 -